IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JENNIFER CHAO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | C.A. No. 1:07-cv-00774-JJF |
| | : | |
| HARTFORD LIFE INSURANCE COMPANIES, INC.; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a member of Hartford Insurance Group; CHRISTIANA CARE HEALTH SYSTEM, INC., f/k/a Medical Center of Delaware Group Long Term Disability Insurance Plan; CHRISTIANA CARE HEALTH SYSTEM, INC., f/k/a Medical Center of Delaware, | : : : : : : : : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS HARTFORD LIFE INSURANCE
COMPANIES, INC., HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY
AND CHRISTIANA CARE HEALTH SYSTEM, INC. F/K/A MEDICAL
CENTER OF DELAWARE GROUP LONG TERM DISABILITY INSURANCE PLAN
TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants Hartford Life and Accident Insurance Company, also identified incorrectly in the caption as Hartford Life Insurance Companies, Inc. ("Hartford"), and Christiana Care Health System, Inc. f/k/a Medical Center of Delaware Group Long Term Disability Insurance Plan ("Plan") through their undersigned counsel, provide the following answer with affirmative defenses to Plaintiff Jennifer Chao's ("plaintiff") complaint. Hartford and the Plan will be referred to collectively throughout as the "Answering Defendants".

**Nature of the Action, Jurisdiction and Venue**

1.  The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required. To the extent any response may be required, Answering Defendants admit that plaintiff's claim is governed by ERISA.

2. The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required.

3. The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required.

4. The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required. To the extent a response may be required, Answering Defendants admit that plaintiff has exhausted her administrative remedies.

**Parties**

5. Answering Defendants admit, upon information and belief, that plaintiff Jennifer Chao is an adult resident and citizen of the State of Delaware residing at 2223 Naamans Road, Wilmington, Delaware 19810. The remaining allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required. To the extent a response may be required, Answering Defendants admit that plaintiff was a participant in the Plan and that plaintiff has standing to bring this action. Answering Defendants deny that plaintiff is or was a beneficiary of the Plan or that plaintiff is entitled to any relief.

6. Admitted in part and denied in part. Hartford admits that it is authorized to engage in the insurance business in the State of Delaware. Hartford admits that it is the insurer of the Plan. Hartford denies that it is the administrator of the Plan. Hartford admits that it has a mailing address of P.O. Box 2999, Hartford, Connecticut 06104-2999. By way of further response, Hartford has a principal place of business located at 200 Hopmeadow Road, Simsbury, Connecticut 06104. The remaining allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required.

7. Answering Defendants deny the allegations contained in this paragraph. To the contrary, Hartford Life Insurance Companies, Inc., is not the parent company of Hartford. By way of further answer, Answering Defendants are not aware of any entity known as "Hartford Life Insurance Companies, Inc." As set forth above, Answering Defendants are answering the allegations contained in this complaint on the understanding that plaintiff has misidentified Hartford Life and Accident Insurance Company as "Hartford Life Insurance Companies, Inc." The remaining allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required.

8. Admitted.

9. Admitted. By way of further answer, Answering Defendants deny that Christiana Care Health System, Inc. f/k/a Medical Center of Delaware is a proper party in this action.

**Facts**

10. Answering Defendants admit only, upon information and belief that plaintiff was, at certain times, employed as a nurse anesthetist by Christiana Hospital.

11. Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of when plaintiff became pregnant. Answering Defendants admit upon information and belief that plaintiff experienced pain sometime during her pregnancy that dissipated after the birth of her child.

12. Answering Defendants admit only, upon information and belief, that plaintiff gave birth to a son on March 2, 1994, returned to part-time work for Christiana Hospital and at some point thereafter returned to fulltime work.

13. Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

14. Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

15. Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of why she was examined by various doctors. Answering Defendants admit upon information and belief that plaintiff was examined by numerous doctors. The records created by those doctors are written documents which speak for themselves.

16. Admitted in part and denied as stated in part. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of whether all persons with fibromyalgia can be characterized as having a "debilitating chronic disorder causing widespread muscle pain and fatigue." Answering Defendants admit that plaintiff was diagnosed with fibromyalgia sometime in February 1996.

17. Admitted upon information and belief.

18. Denied. To the contrary, to the extent plaintiff is suggesting that she is precluded from working as the result of fybromyalgia, Answering Defendants deny this allegation.

19. Admitted in part and denied as stated in part. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation "as a result." Answering Defendants admit the remaining allegations in this paragraph.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Denied. Answering Defendants deny that Hartford "prematurely terminated" plaintiff's benefits. By letter dated April 28, 2006, Hartford informed plaintiff that she no longer met the definition of Total Disability under the Plan and therefore, her benefits would be terminated effective that day.

25. Admitted.

26. Denied as stated. By letter dated December 1, 2006, after review of her file, Hartford informed plaintiff's lawyer that the decision to terminate plaintiff's LTD benefits was appropriate.

27. Admitted in part, denied in part. Answering Defendants admit that a copy of the Plan is attached to plaintiff's complaint as Exhibit A. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation "at all relevant times." The remaining allegations of this paragraph refer to the insurance policy for the

Plan, which as a writing, speaks for itself. Allegations of paragraph 27 of the complaint that are inconsistent with the writing are denied.

28. Admitted in part, denied in part. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation "at all relevant times." The remaining allegations are admitted.

29. Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation "at all relevant times." By way of further answer, Christiana Hospital f/k/a Medical Center of Delaware, as the Plan Administrator, delegated sole discretionary authority to determine eligibility for and entitlement to benefits under the Plan and to interpret the terms and provisions of the policy to Hartford. Answering Defendants deny that Hartford was the Plan Administrator. Answering Defendants further deny that plaintiff and Hartford were parties to a contract.

30. Answering Defendants admit that Hartford has sole discretionary authority to determine eligibility for and entitlement to benefits under the Plan and to interpret the terms and provisions of the applicable insurance policy.

31. The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required. To the extent a response is required, these allegations are denied.

32. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 32 of the complaint that are inconsistent with the writing are denied.

33. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 33 of the complaint that are inconsistent with the writing are denied.

34. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 34 of the complaint that are inconsistent with the writing are denied.

35. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 35 of the complaint that are inconsistent with the writing are denied.

36. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 36 of the complaint that are inconsistent with the writing are denied.

37. Denied. Upon information and belief, plaintiff's employment with Christiana Hospital began on October 14, 1991.

38. Admitted.

39. Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation "at all relevant times." Answering Defendants admit that plaintiff was eligible to and did participate in the Plan.

40. Admitted.

41. Admitted.

42. Admitted.

43. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 43 of the complaint that are inconsistent with the writing are denied.

44. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 44 of the complaint that are inconsistent with the writing are denied.

45. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 45 of the complaint that are inconsistent with the writing are denied.

46. Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation "at all relevant times." Answering Defendants admit that plaintiff was eligible and selected to receive Option 1 under the Plan.

47. Admitted upon information and belief.

48. Denied as stated. Hartford approved plaintiff's claim for LTD benefits and paid benefits from March 7, 1996 through April 27, 2006, when she was no longer entitled to receive LTD benefits.

49. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 49 of the complaint that are inconsistent with the writing are denied.

50. Admitted.

51. Admitted.

52. Admitted.

53. Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation "throughout all times relevant." Answering Defendants admit that plaintiff submitted proof of loss at various points. Answering Defendants deny any suggestion that plaintiff has submitted proof of loss sufficient to entitle her to LTD benefits beyond those she has already received.

54. The allegations of this paragraph refer to the Plan, which as a writing, speaks for itself. Allegations of paragraph 54 of the complaint that are inconsistent with the writing are denied.

55. Denied. Answering Defendants deny that "from 1996 to date, Ms. Chao has continuously remained, and still remains, Totally Disabled." By way of further answer, Hartford approved plaintiff's claim for LTD benefits and paid benefits from March 7, 1996 through April 27, 2006. By letter dated April 28, 2006, Hartford informed plaintiff that she no longer met the definition of Total Disability under the Plan and therefore, her benefits would be terminated effective that day. By way of further response, the information contained in the

administrative record establishes that plaintiff is no longer Totally Disabled as defined by the Plan.

56.     Denied as stated. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation "consistently and continuously." Answering Defendants admit that plaintiff submitted proof of loss. Answering Defendants deny any suggestion that plaintiff has submitted proof of loss sufficient to entitle her to LTD benefits beyond those she has already received.

57.     Denied as stated. On or about December 31, 1996, plaintiff called Hartford and said that she had cancelled an Independent Medical Examination and a Functional Capacity Evaluation previously scheduled by Hartford. Plaintiff eventually relented and did undergo evaluations on or about January 6, 1997.

58.     Admitted upon information and belief.

59.     Admitted in part, denied in part. Answering Defendants admit that by letter dated April 28, 2006, Hartford informed plaintiff that she no longer met the definition of Total Disability under the Plan and therefore, her benefits would be terminated effective that day. Answering Defendants deny that a copy of the April 28, 2006 termination letter is attached to plaintiff's complaint as Exhibit B. While the document attached as Exhibit B is the April 28, 2006 termination letter, the handwriting noting "2 North LaSalle, Suite 2600, Chicago, Ill. 60602" on the last page is not a part of the original letter sent by Hartford. The remaining allegations of this paragraph refer to the April 28, 2006 letter, which as a writing, speaks for itself. Allegations of paragraph 59 of the complaint that are inconsistent with the writing are denied.

60. Denied.

61. Denied. Answering Defendants deny that Hartford "erroneously asserts that Ms. Chao has the capacity to return to work." The remaining allegations of this paragraph refer to the April 28, 2006 letter, which as a writing, speaks for itself. Allegations of paragraph 61 of the complaint that are inconsistent with the writing are denied.

62. Admitted in part, denied in part. Answering Defendants admit that a copy of the October 19, 2006 appeal letter is attached to plaintiff's complaint as Exhibit C. By letter dated October 19, 2006, plaintiff appealed Hartford's denial of her claim. To the extent the remaining allegations of this paragraph refer to the October 19, 2006 letter and its contents, such letter is a writing, which speaks for itself. Allegations of paragraph 62 of the complaint that are inconsistent with the writing are denied.

63. Admitted in part, denied in part. Hartford admits that it is the insurer of the Plan and that by letter dated December 1, 2006, after review of her file, Hartford informed plaintiff's lawyer that the decision to terminate plaintiff's LTD benefits was appropriate. Answering Defendants deny that Hartford is the administrator of the Plan. Answering Defendants admit that a copy of the December 1, 2006 appeal decision letter is attached to plaintiff's complaint as Exhibit D. While the document attached as Exhibit D is the December 1, 2006 appeal decision letter, the handwriting noting "cc: client" on the first page is not a part of the original letter sent by Hartford. To the extent the remaining allegations of this paragraph refer to the December 1, 2006 letter, such letter is a writing, which speaks for itself. Allegations of paragraph 63 of the complaint that are inconsistent with the writing are denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT I

### Claim to Recover Benefits Under ERISA Plan

70. Answering Defendants incorporate their responses to paragraphs 1 through 69 as though fully set forth herein.

71. The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required. To the extent a response is required, these allegations are denied.

72. Admitted in part, denied in part. Hartford admits that it is the Plan insurer. Hartford denies that it "has control of the Plan and the claims process." Answering Defendants admit that Hartford has sole discretionary authority to determine eligibility for and entitlement to benefits under the Plan and to interpret the terms and provisions of the policy. The remaining allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required. To the extent a response is required, these allegations are denied.

73. Denied. Answering Defendants deny that Hartford is the Plan administrator. The remaining allegations in this paragraph constitute purported conclusions of

-12-

law to which no responsive pleading is required. To the extent a response is required, these allegations are denied.

74. The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required.

75. Denied.

76. Denied.

77. Denied.

78. The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants admit that Section 1132(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") permits participants to file claims for benefits under employee benefit plans. Answering Defendants deny that plaintiff is entitled to benefits under the Plan or policy pursuant to that section, any other section of ERISA, or any other law or statute.

79. The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required. To the extent a response is required, these allegations are denied. Answering Defendants deny that plaintiff is entitled to benefits under the Plan or policy pursuant to that section, any other section of ERISA, or any other law or statute.

80. The allegations in this paragraph constitute purported conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering

Defendants admit that Section 1132(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") permits participants to file claims for benefits under employee benefit plans. Hartford denies that plaintiff is entitled to benefits under the Plan or policy pursuant to that section, any other section of ERISA, or any other law or statute.

      81.    Denied.

      82.    Denied.

      83.    Denied.

      84.    Denied.

      85.    Denied.

      86.    Denied.

      87.    Admitted.

## COUNT II

### Attorney's Fees and Costs

      88.    Hartford incorporates its responses to paragraphs 1 through 87 as though fully set forth herein.

      89.    Denied.

      90.    Denied.

WHEREFORE, Defendants Hartford Life Insurance Companies, Inc., Hartford Life and Accident Insurance Company and Christiana Care Health System, Inc. f/k/a Medical Center of Delaware Group Long Term Disability Insurance Plan demand judgment against plaintiff as follows:

      (i)      Dismissal of the second amended complaint with prejudice;

      (ii)     An award of attorneys' fees and costs in Hartford's favor; and

      (iii)    Such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Answering Defendants have complied with all applicable requirements of ERISA.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief she seeks because Hartford's decision to deny Plaintiff benefits was based on a full and fair review of the Administrative Record, and was not arbitrary or capricious.

#### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief she seeks because the only proper recovery in this case is the payment of past-due benefits pursuant to the Policy and/or Plan.

#### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief she seeks because Plaintiff is not entitled to an award of attorneys' fees pursuant to ERISA.

#### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the terms of the Policy and Plan.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered compensable injuries or damages and, therefore, Plaintiff lacks standing to assert any claim against Hartford.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is attempting to set forth any state law claims such claims are preempted by ERISA.

### NINTH AFFIRMATIVE DEFENSE

While denying that Plaintiff is entitled to recover any benefits or damages under the Policy or Plan, in any event, Answering Defendants state that any disability benefits found to be owed would be reduced by any disability benefit, retirement benefit or Other Income received by Plaintiff, as provided under the terms of the Policy and LTD Plan.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendants hereby give notice that they intend to rely upon such other defenses as may become available or may appear during discovery in this case or otherwise, and Answering Defendants hereby reserve the right to amend this Answer to assert any and all such defenses.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's request for a jury should be stricken because plaintiff's claim is not triable to a jury.

#9401638 v5

WHEREFORE, Defendants Hartford Life Insurance Companies, Inc., Hartford Life and Accident Insurance Company and Christiana Care Health System, Inc. f/k/a Medical Center of Delaware Group Long Term Disability Insurance Plan demand judgment against plaintiff as follows:

(i) Dismissal of the second amended complaint with prejudice;

(ii) An award of attorneys' fees and costs in Hartford's favor; and

(iii) Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Matthew A. Kaplan
Matthew A. Kaplan (#4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
Phone: (302) 777-6500
Fax:  (302) 421-8390
Email: kaplanm@pepperlaw.com

Brian P. Downey (*pro hac vice*)
PEPPER HAMILTON LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108-1181
Phone: (717) 255-1155
Fax: (717) 238-0575
Email: downeyb@pepperlaw.com

*Attorneys for Defendants Hartford Life Insurance Companies, Inc., Hartford Life and Accident Insurance Company, Christiana Care Health System, Inc., f/k/a Medical Center of Delaware Group Long Term Disability Insurance Plan, and Christiana Care Health System, Inc., f/k/a Medical Center of Delaware*

Dated:  March 10, 2008

## CERTIFICATE OF SERVICE

I, Matthew A. Kaplan, hereby certify that on March 10, 2008, I caused a copy of the foregoing *Defendants' Answer with Affirmative Defenses* to be served with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

> William J. Rhondunda, Jr., Esq.
> Chandra J. Rudloff, Esq.
> OBERLY, JENNINGS & RHONDUNDA, P.A.
> 1220 Market Street, Suite 710
> Wilmington, DE 19899

> /s/ Matthew A. Kaplan
> Matthew A. Kaplan (#4956)

#9401638 v5