**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JENNIFER CHAO, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | C.A. No. 1:07-cv-00774-JJF |
| : | |
| HARTFORD LIFE INSURANCE COMPANIES, : | |
| INC.; HARTFORD LIFE AND ACCIDENT : | |
| INSURANCE COMPANY, a member of Hartford : | |
| Insurance Group; CHRISTIANA CARE HEALTH : | |
| SYSTEM, INC., f/k/a Medical Center of Delaware : | |
| Group Long Term Disability Insurance Plan; : | |
| CHRISTIANA CARE HEALTH SYSTEM, INC., : | |
| f/k/a Medical Center of Delaware, : | |
| : | |
| Defendants. : | |

**DEFENDANT CHRISTIANA CARE HEALTH SYSTEM, INC. F/K/A MEDICAL
CENTER OF DELAWARE'S OPENING BRIEF IN
<u>SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT</u>**

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

Defendant Christiana Care Health System, Inc. f/k/a Medical Center of Delaware ("Christiana Care") submits this brief in support of its motion to dismiss the above-captioned action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's claim arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff alleges that defendant Hartford Life and Accident Insurance Company ("Hartford"), which issued a policy of insurance to provide long term disability ("LTD") benefits to eligible participants in an ERISA-qualified plan ("Plan") sponsored by Christiana Care, wrongfully denied her claim for LTD benefits. Plaintiff does not, nor can she, allege that Christiana Care, her former employer, acted as a fiduciary with respect to that decision or had any discretionary authority to determine her

eligibility for benefits. Accordingly, Christiana Care is not a proper defendant and should be dismissed from this case.

## II. SUMMARY OF ARGUMENT

1. This Court should dismiss this action as to Christiana Care pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted because Christiana Care is not a fiduciary and therefore, is not a proper defendant. ERISA only permits suits to recover benefits against the plan as an entity and against the fiduciary of the plan. *Gerlardi v. Pertect Computer Corp.,* 761 F.2d 1323, 1324-1325 (9th Cir. 1985); *Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226, 233 (3d Cir. 1994). "The linchpin of fiduciary status under ERISA is discretion." *Curcio,* 33 F.3d at 233. Plaintiff has not alleged that her employer, Christiana Care, had any discretionary control over the decision to deny her claim for LTD benefits.

## III. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff was a participant in the ERISA-qualified Plan which provided LTD benefits to eligible participants through a policy of insurance issued by Hartford. (Complaint, D.I. 1, ¶¶ 1, 5, 19, 21). The Plan provides Hartford with discretionary authority to determine plaintiff's eligibility for benefits. Hartford approved her claim for benefits and she received benefits from March 7, 1996 through April 28, 2006 (Complaint ¶¶ 22, 24, 48). By letter dated April 28, 2006, Hartford terminated plaintiff's claim for benefits because plaintiff no longer met the definition of Total Disability under the Plan. (Complaint ¶¶ 24). On October 19, 2006, plaintiff appealed this decision. (Complaint ¶ 25). After a review of her file, Hartford upheld its decision to terminate her benefits. (Complaint ¶ 26). Christiana Care is not alleged to have played any role in that decision nor is it alleged to have had the discretionary authority to do so.

Plaintiff then filed a complaint in the United States District Court for the District of Delaware alleging wrongful termination of benefits.  Christiana Care subsequently moved to dismiss plaintiff's claims against it pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted and files this brief in support of that motion.

## IV.     ARGUMENT

### A.     **Standard for a Motion to Dismiss.**

The standard for a motion to dismiss pursuant to Rule 12(b)(6) is well established:

> A motion to dismiss pursuant to the provisions of Rule 12(b)(6) should not be granted unless, accepting all allegations in the complaint as true and viewing them in a light most favorable to the plaintiff, the court rules that the plaintiff is not entitled to relief as a matter of law. *In re Fruehauf Trailer Corp.,* 250 B.R. 168, 183 (D. Del 2000) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997); *see also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998) ("A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington,* 114 F.3d at 1420.

*Oatway v. Am. Int'l Group*, 27 Employee Benefits Cas. (BNA) 2404, 2002 U.S. Dist. LEXIS 1771 *5 (D.Del. 2002), *aff'd* 2003 U.S. App. LEXIS 7051 (3d Cir. Apr. 14, 2003) (granting motion to dismiss).

Accepting all allegations in plaintiff's complaint as true, plaintiff's complaint should be dismissed as to her employer, Christiana Care, because it did not act as a fiduciary with respect to the decision at issue, does not have discretionary control over that decision, and cannot be sued as a defendant under 29 U.S.C. § 1132(a)(1).

B.  **Plaintiff's Complaint Should Be Dismissed Because Christiana Care Did Not Act as a Fiduciary and Therefore is Not a Proper Defendant.**

Christiana Care, plaintiff's former employer, is an improper defendant in this action. Section 1132(a) provides, *inter alia,* that a participant or beneficiary may bring a civil action "to recover benefits due him under the terms of his plan . . . ." 29 U.S.C. § 1132(a)(1)(B). Section 1132(d) in turn provides that "any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity…." 29 U.S.C. § 1132(d). Some courts have interpreted this to mean that ERISA only permits suits to recover benefits against the plan as an entity and against the fiduciary of the plan. *Gerlardi v. Pertect Computer Corp.,* 761 F.2d 1323, 1324-1325 (9th Cir. 1985); *Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226, 233 (3d Cir. 1994); *Vaughn v. Metropolitan Life Ins. Co.*, 87 F.Supp. 2d 421, 425 (E.D. Pa. 2000).

It is self-evident that Christiana Care is not a "plan."[1] Thus, the question becomes whether it acted as a "fiduciary" with respect to plaintiff's claim for LTD benefits. "The linchpin of fiduciary status under ERISA is discretion." *Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226, 233 (3d Cir. 1994). Specifically, ERISA provides:

> A person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting the management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

---

[1] The "Plan" in this case is already named as a defendant.

Plaintiff has not alleged that Christiana Care had any discretionary control over the administration of her claim for LTD benefits, nor can she. Christiana Care was merely the plan sponsor and the plan administrator. (*See* Exhibit A to Complaint, at 27). Hartford, however, is the claims administrator in that it has discretion to determine eligibility for benefits and made the decision at issue in this matter. Courts addressing this issue have been quite clear to preserve the distinction between the plan administrator (charged with tasks such as ensuring that participants are enrolled in a plan) and the claims administrator (charged with making benefit eligibility determinations). *See Spangberg v. Pepsi Bottling Group Long Term Disability Plan*, No. 05-C-703-C, 2006 WL 1529659, at *1 (W.D. Wis. May 30, 2006) ("[employer] was the plan administrator (which is different from the plan's claims administrator, a function performed by [insurer])."); *Fenner v. Favorite Brand Int'l, Inc.*, 25 F. Supp.2d 870, 874 (N.D. Ill. 1998) ("the term 'claims administrator' is not synonymous to 'plan administrator.'").

The Complaint also does not allege that Christiana Care is a fiduciary or has in any way breached a fiduciary duty. *See Guiles v. Metropolitan Life Ins. Co.,* No. 00-5029, 2002 WL 229696, * 2 (E.D. Pa. Feb. 13, 2002) (dismissing plan administrator as defendant where complaint did not allege any breach of fiduciary duty); *Charter Fairmount Institute, Inc. v. Alta Health Strategies, Inc.,* No. 93-3258, 1993 U.S. Dist. LEXIS 18317, *6, n.1 (E.D. Pa. Dec. 29, 1993) (same). In fact, plaintiff does not describe Christiana Care as a "fiduciary" or even an "administrator" anywhere in the complaint. Indeed, the focus of plaintiff's Complaint is entirely on Hartford, not her employer. She describes Hartford as both a "fiduciary" (Complaint ¶¶ 6, 73) and an "administrator" (Complaint ¶¶ 6, 29, 63, 73), and both Count I and II refer to the alleged actions of Hartford only. (Complaint ¶¶ 70-90).

As further alleged by plaintiff in her Complaint, (Complaint ¶ 29), Christiana Care "assigned" its role, including any administrative duties to Hartford, and therefore,

Christiana Care cannot be deemed a "fiduciary" or proper defendant in this case. *See Parelli v. Bell Atlantic Pennsylvania*, No. 98-3392, 1999 WL 1060706, *4 (E.D. Pa. Nov. 19, 1999) ("Taking into account the function, and not merely the form, of the 'plan administrator' label," the Court held that plan administrator labeled under the plan was not a proper defendant, because the administrative duties and responsibilities had been "explicitly delegated" to another entity); *Gerlardi v. Pertect Computer Corp.,* 761 F.2d 1323, 1325 (9th Cir. 1985) (employer relinquished its role as a plan administrator by hiring an outside corporation to administer the plan, and as a result, the court held that the employer was not "a fiduciary because it retained no discretionary control over the disposition of claims."). Indeed, as recognized by plaintiff in her Complaint, the Plan gives Hartford, not Christiana Care, "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy." (*See* Exhibit A to Complaint, at 3).

Accordingly, Christiana Care, as the employer, is an improper defendant in this action and should be dismissed from the case. *See Parelli,* 1999 WL 1060706, *4 ("In a recovery of benefits claim under ERISA, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable, not the employer or sponsor.").

## V. CONCLUSION

Based on the foregoing, Christiana Care Health System, Inc. f/k/a Medical Center of Delaware requests that this Court dismiss plaintiff's Complaint as to Christiana Care Health System, Inc. f/k/a Medical Center of Delaware pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

Respectfully submitted,

/s/ Matthew A. Kaplan
Matthew A. Kaplan (#4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Phone: (302) 777-6500
Fax: (302) 421.8390
Email: kaplanm@pepperlaw.com

Brian P. Downey (*pro hac vice*)
PEPPER HAMILTON LLP
200 One Keystone Plaza
North Front and Market Streets
P.O. Box 1181
Harrisburg, PA 17108-1181
Phone: (717) 255-1155
Fax: (717) 238-0575
Email: downeyb@pepperlaw.com

*Attorneys for Defendants Hartford Life Insurance Companies, Inc., Hartford Life and Accident Insurance Company, Christiana Care Health System, Inc., f/k/a Medical Center of Delaware Group Long Term Disability Insurance Plan, and Christiana Care Health System, Inc., f/k/a Medical Center of Delaware*

Date: March 10, 2008

**CERTIFICATE OF SERVICE**

       I, Matthew A. Kaplan, hereby certify that on March 10, 2008, I caused a copy of the foregoing ***Defendant's Opening Brief in Support of Its Motion to Dismiss the Complaint*** to be served with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

>William J. Rhondunda, Jr., Esq.
>Chandra J. Rudloff, Esq.
>OBERLY, JENNINGS & RHONDUNDA, P.A.
>1220 Market Street, Suite 710
>Wilmington, DE 19899

>/s/ Matthew A. Kaplan
>Matthew A. Kaplan (#4956)